768 A.2d 777

IN THE MATTER OF STEVEN M. TANNENBAUM,
AN ATTORNEY AT LAW.

April 3, 2001.

# ORDER

The Disciplinary Review Board having filed with the Court its decision concluding that **STEVEN M. TANNENBAUM,** formerly of **VOORHEES,** who was admitted to the bar of this State in 1977, should be suspended from practice for a period of three years as a matter of reciprocal discipline pursuant to *Rule* 1:20–14;

And **STEVEN M. TANNENBAUM** having been temporarily suspended by the Court from the practice of law since July 21, 1995, for failure to cooperate with the Office of Attorney Ethics in its investigation of a grievance filed by Rosaria Kritikson,

And the basis of the Disciplinary Review Board's decision being respondent's suspension from the practice of law in the Commonwealth of Pennsylvania on January 22, 1999, for a period of three years for his unethical conduct in his representation of Rosaria Kritikson and another client, including conduct in violation of *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) and (b) (failure to communicate with client), *RPC* 1.16(a)(1) (failure to discontinue representation after being placed on inactive list), *RPC* 3.3(a)(1) (misrepresentation to court that client had filed *pro se* action), *RPC* 5.5(b) (practicing law while on the inactive list) and *RPC* 8.4(c) (misrepresentation to client about status of case);

And the Court having determined that the period of time during which respondent has been temporarily suspended from practice in New Jersey constitutes adequate discipline for his unethical conduct;

And good cause appearing;

It is ORDERED that the temporary suspension from practice of **STEVEN M. TANNENBAUM** effective July 21, 1995, be deemed sufficient discipline for respondent's ethical violations; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys during the period of his suspension; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.